# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MICHAEL LASALVIA on behalf of himself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RUSSELL R. WASENDORF, SR., ET AL,<br><br>Defendants | Case No. 12-cv-5546<br><br>Judge Coleman<br><br>Magistrate Judge Denlow |
| BEAU WOLINSKY, on behalf of himself and all other similarly situated<br><br>Plaintiff<br><br>v.<br><br>RUSSELL R. WASENDORF, SR., ET AL., Defendants | Case No. 12-cv-05624<br><br>Judge Shadur |
| POWER VANGUARD LTD., et al,<br><br>Plaintiffs,<br><br>vs.<br><br>RUSSELL R. WASENDORF., ET AL,<br><br>Defendants. | Case No. 12-cv-5727<br><br>Judge Gottschall |

### MOTION TO CONSOLIDATE AND REASSIGN RELATED CLASS ACTIONS AS WELL AS APPOINT LAW OFFICES OF CHRISTOPHER GRAY P.C. AND SALAS WANG LLC AS CO-LEAD COUNSEL

Plaintiff Michael LaSalvia brings this motion to consolidate and reassign similar

cases and appoint The Law Offices of Christopher Gray ("the Gray Firm") and Salas

Wang LLC co-lead counsel. The Gray Firm biography is attached as Ex. A. Salas Wang LLC's biography is attached as Ex. B.

## INTRODUCTION

The above captioned actions are class actions brought by Peregrine Financial Group customers against Peregrine's officers alleging that, *inter alia*, Peregrine Officers, the Defendants here, violated the Commodity Exchange Act by causing Peregrine to commingle customer funds with its own.

### *Background of this Litigation*

Plaintiff LaSalvia filed this case on July 13, 2012. On July 17, 2012, Plaintiff Wolinsky, brought a remarkably similar action to Plaintiff LaSalvia's, with six law firms listed as his counsel. (Ex. C). On July 23, 2012, Plaintiff Power Vanguard Ltd. also filed a complaint. (Ex. D).

Accordingly, Plaintiff seeks an order under Rule 42(a) of the Federal Rules of Civil Procedure consolidating the above-captioned actions and all later filed related class actions against Defendants and control persons of significant non-party Peregrine Financial Group.

Plaintiff also moves for an order appointing its proposed lead counsel structure to most efficiently prosecute this case. Plaintiff believes that the appointment of his proposed lead counsel structure will be the most efficient way to prosecute Defendants' wrongdoing.

## ARGUMENT

**I.    Committee Plaintiffs Believe that Consolidating All the Above-Captioned Actions Will Lead to the Most Efficient Prosecution of this Litigation**

Plaintiff seeks consolidating *Wolinsky et al. v. Wasendorf et al.*, 12-cv-5624,

(N.D. Ill.) (Judge Shadur) ("*Wolinsky*") and *Power Vanguard Ltd. et al. v. Wasendorf et. al*, 12-cv-5624 (Judge Gottschall) ("*Power Vanguard*") (and all later filed actions concerning significant non-party Peregrine Financial Group) into this action. The Court should also reassign the cases to this Court under Local Rule 40.4. Both actions have substantially similar issues and revolve around the same nucleus of operative facts.

Federal Rule of Civil Procedure 42 provides for the consolidation of actions, specifically:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed R. Civ. P. 42 (a)

Consolidating actions where appropriate can help avoid needless duplication of time, effort and expense on the part of the parties and the Court in discovery and at trial. *In re Air Crash Disaster*, 549 F.2d 1006, 1014 (5th Cir. 1977). It is particularly appropriate because the "cost of defending these multiple actions may well do serious harm to the very corporation in whose interest they are brought." *Millman v. Brinkley*, 2004 WL 2284505 (N.D. Ga.)(citing *MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir. 1958)).

Here, the actions name similar defendants, state the similar claims on behalf of customers and arise from the same factual circumstances. Consolidating these actions is necessary and appropriate and will serve to promote efficient litigation by expediting pretrial proceedings, avoiding duplication of effort, avoiding harassment of parties and witnesses, and minimizing the expenditure of time and money by all parties. Consolidation is also warranted because all of these cases are dependant on proof of the

same questions of law and fact – specifically, whether the individual defendants violated the Commodity Exchange by, among other things, commingling customer funds. Indeed, Plaintiffs in each case will seek to review the same documents and depose the same witnesses.

For the same reasons that this Court should consolidate the cases, it should also reassign the cases under Local Rule 40.4, which states:

> (b) Conditions for Reassignment. A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:
>
> (1) both cases are pending in this Court;
>
> (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;
>
> (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
>
> (4) the cases are susceptible of disposition in a single proceeding.

As shown above, each of these factors is satisfied here. For the reasons stated above, this Court should consolidate *Wolinsky* and *Power Vanguard* with this case, and reassign the *Wolinsky* and *Power Vanguard* cases to this Court.

## II. This Court Should Appoint Committee Plaintiffs Proposed Leadership Structure for Consolidated Derivative Actions.

Courts often appoint Lead Counsel where numerous actions are filed relating to the same factual occurrence. Indeed, "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." *Walker v. Discover Fin. Servs.*, 2011 U.S. Dist. LEXIS 58803, 7-8 (N.D. Ill. May 26, 2011). "The Manual for Complex Litigation advises that:

If . . . there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification and negotiating settlement.

*Id*. citing Manual for Complex Litigation (Fourth) ("MCL") § 21.11 (2004).

"Although neither the federal rules nor the advisory committee notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification." *Id.* citing *Hill v. The Tribune Co.*, No. 05-cv-2602, 2005 U.S. Dist. LEXIS 23931, 2005 WL 3299144, at *3 (N.D. Ill. Oct. 13, 2005).

Rule 23(g) governs the criteria that this Court should consider while appointing class counsel.

Specifically, the Court:

*(i) must consider*:

- the work counsel has done in identifying or investigating potential claims in the action,

- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,

- counsel's knowledge of the applicable law, and

- the resources counsel will commit to representing the class.

The Court also:

*(ii) may consider*

5

- any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class; and (iii) may direct potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney fees and nontaxable costs; and (iv) may make further orders in connection with the appointment. Fed. R. Civ. P. 23(g)(1)(C).

*Hill v. Tribune Co*., 2005 U.S. Dist. LEXIS 23931, 14-15 (N.D. Ill. Oct. 13, 2005) (emphasis added).

Plaintiff LaSalvia's counsel easily satisfies each criterion.

## A.      The Work Done Prosecuting This Action

### 1.      Pleading/Amended Pleading

Proposed Lead Counsel have investigated and identified potential claims, as evidenced by Plaintiff LaSalvia's Complaint. Proposed Lead Counsel have also conducted an extensive pre-and post-filing investigation of the facts and law giving rise to this action.

This pre-filing investigation included: interviewing many Peregrine customers about their losses; reviewing news filings; reviewing government filings regarding the conduct at issue; and extensively researching PFG's structure via the National Futures Association's "BASIC" services. Counsel has also conducted significant research on the CEA, for example, whether Peregrine's officers are liable for CEA violations.

The post-filing investigation includes following the Peregrine bankruptcy proceedings, the review of all CFTC filings after his original complaint, the review of news reports and other publicly available information concerning Peregrine's demise.

Counsel has formally served Defendants Cuypers and O'Meara and is in the process of serving Defendants Wasendorf Jr. and Wasendorf Sr.

Counsel is also in contact with Peregrine Financial's and Defendant Wasendorf's Receiver in the CFTC action.

Counsel is currently drafting an extensive amended complaint based in its post-filing investigation of the facts and law involved here.

## 2.     Discovery

Proposed Lead Counsel has also drafted and served discovery on the Defendants. Further, Counsel's investigation has revealed that the bank where customers' funds were commingled was U.S. Bank.  Counsel has promptly served a subpoena for records on U.S. Bank for all documents concerning the conduct at issue here.

## 3.     Class Certification

Using its class action litigation experience, Counsel has protected the class' interest by filing a motion for class certification.  This is an important step due to the Seventh's Circuit's decision in *Damasco v. Clearwire Corp.,* No. 10 cv 3063, 2010 U.S. Dist. LEXIS 91151, at *12 (N.D. Ill. Sept. 2, 2010) (Zagel, J.), *aff'd,* 662 F.3d 891 (7th Cir. Nov. 18, 2011).

Under *Damasco*, Defendants could have halted this action by tendering LaSalvia his losses and mooting the case.  Instead, Counsel has protected the class' interests by promptly filing a motion for class certification to eliminate any possible class representative issues.

**B.    Counsel's Experience in Class and Complex Securities and Futures Litigation**

   **1.    Proposed Co-Lead Counsel Law Office of Christopher J. Gray Has Significant Experience and Success in Complex Futures and Class Litigation**

Proposed Co-Lead Counsel Christopher J. Gray, the principal of Law Office of Christopher J. Gray, P.C., has significant experience representing plaintiffs in complex litigation and litigation under the Commodities Exchange Act.  Mr. Gray currently is counsel for plaintiffs in a class action under the Commodities Exchange Act that was settled for $77.1 million. *See In re Amaranth Natural Gas Commodities Litig.*, Docket No. 07-CV-6377 (SAS), 587 F.Supp.2d 513 (S.D.N.Y. 2008) (denying in part defendants' motions to dismiss class action alleging massive manipulation of natural gas commodities futures prices by hedge fund during 2006); 612 F. Supp. 2d 376 (S.D.N.Y. 2008) (denying in substantial part defendants' motions to dismiss complaint);  711 F. Supp. 2d 301 (S.D.N.Y. 2010) (attaching $72.4 million in assets of hedge fund in action alleging manipulation of natural gas commodities futures by hedge fund) 269 F.R.D. 366 (S.D.N.Y. 2010) (certifying class).

While associated with his former firm, Mr. Gray assisted in representing the plaintiffs in a class action in which plaintiffs obtained reportedly the largest recovery ever under the Commodities Exchange Act, $145.35 million. *See In re Sumitomo Copper Litig.,* 194 F.R.D. 480 (S.D.N.Y. 2000) (Pollack, J.) (certifying non-continuous class period of over two years).  Mr. Gray currently represents one or more plaintiff in several other class actions alleging commodities manipulation and violations of the Commodities Exchange Act and/or the antitrust laws, including *In re Platinum and Palladium Commodities Litig.,* No. 10 Civ. 3617 (WHP) (alleging end-of-day trading that created

artificial prices in platinum and palladium futures) *DeAngelis v. Corzine*, No. 11 Civ. 7866 (VM), *In re Crude Oil Commodity Futures Litig.*, No. 11 Civ. 3600 (WHP), and *In re Commodity Exchange, Inc. Silver Futures and Options Trading Litig.*, No. 1:11-md-02213 (RPP).  Mr Gray also represented approximately 300 clients in litigation under the Commodities Exchange Act arising out of a Futures Commission Merchant's aiding and abetting of convicted Ponzi schemer.George Hudgins. *See Carey, et al. v. Hudgins, et al.*, U.S. District Court for the Eastern District of Texas Docket No. 6:08-cv-344.

Mr. Gray has served as court-appointed Lead Counsel in a class action in the Supreme Court of the State of New York, in which the plaintiff obtained class certification and secured a substantial recovery for a class of shareholders of a former Nasdaq-listed corporation.   (*Spring Partners, LLC v. Scharf,* Docket No. 601004/05).  Plaintiffs obtained $10 a share in additional compensation for minority shareholders who were cashed out at $8.47 a share.

Mr. Gray has also tried approximately 17 cases before juries and in arbitration proceedings before the Financial Industry Regulatory Authority (FINRA), the National Association of Securities Dealers (NASD), the New York Stock Exchange, and the National Futures Association (NFA).  Mr. Gray has represented the plaintiffs in the following noteworthy reported cases, among many others: *In re Platinum and Palladium Commodities Litig.*, No. 10 Civ. 3617 (WHP), 2011 U.S. Dist. LEXIS 105040 (S.D.N.Y. Sept. 13, 2011); *Slayton v. American Express Co.,* 460 F.3d 215 (2d Cir. 2006) (obtaining reversal of U.S. District Judge=s ruling that shareholder class action on behalf of American Express shareholders against company and executive officers was untimely); *Univest Network, LLC v. AT&T Corp.*, No. 04-CV-9868 (MGC), 2006 WL 1017679

(S.D.N.Y. Apr. 19, 2006) (holding that press releases incorporated by reference in prospectus for stock offering are statement deemed to be made as of the date of the prospectus for purposes of liability under Section 11 of Securities Act of 1933); *Sung ex rel. Lazard Ltd. v. Wasserstein*, 415 F. Supp. 2d 393 (S.D.N.Y. 2006) (remand to Supreme Court of the State of New York granted; state law derivative action was not preempted under Securities Litigation Uniform Standards Act of 1998); *Berger v. Scharf*, No. 600935/05, 2006 WL 825171 (N.Y. Sup. Ct. N.Y. Cty. March 29, 2006)(denying defendants= motion to dismiss complaint in shareholder class action); *Black v. Finantra Capital, Inc.*, 418 F.3d 203 (2d Cir. 2005) (reversing district court=s grant of judgment notwithstanding $1 million jury verdict pursuant to Fed. R. Civ. P. 50(b); *Multi-Juice, S.A. v. Snapple Beverage Corp.,* No. 02-CV-4635 (RPP), 2005 WL 1138470 (S.D.N.Y. May 12, 2005).

> **2.     Proposed Co-Lead Counsel Salas Wang LLC's Jeffrey Salas Has Extensive Experience in Representing Investors Against Officers and Directors in Complex Class and Representative Actions.**

Proposed Co-Lead counsel Salas Wang LLC is currently co-lead counsel in *Margolis v. Dial Corporation*, 3:12-cv-288 (S.D. Cal.) and proposed liaison counsel *Lauria v. BioSante Pharmaceuticals*, 12-cv-772 (N.D. Ill.).

Salas Wang LLC is also representing shareholders in over a dozen cases for breaches of fiduciary duty, federal and state securities laws as well as other complex matters.   Mr. Salas' career has been dedicated to prosecuting director and officer wrongdoing on behalf of shareholders and customers.

Mr. Salas, formerly an associate at a boutique class action firm in Chicago, represented clients in a variety of consumer, securities, financial fraud, corporate

governance, breach of fiduciary duty, breach of contract actions in state and federal courts around the county. Prior to founding Salas Wang LLC, Mr. Salas was involved in some of the most important cases in corporate governance law, recovering millions from defendants.

He was one of the lead associates in *Ryan v. Gifford et al*, Civ. No. 2213-CC (Del. Ch.), a derivative case that achieved landmark decisions in corporate governance law, personal jurisdiction, attorney-client privilege, and multi-state litigation. Also, he was part of the leadership structure for numerous class action cases, including: *In re Jacuzzi Brands*, 2477-N (Del. Ch.), *Smith v. The ServiceMaster Company*, C.A. No. 2924-VCS (Del. Ch.), Ryan v. John H. Harland Company, 2007 CV 128712 (Fulton Cty, GA.), *Schuman v. CDW Corp. et al*, No. 07 CH 1416 (Lake Cty.), *Summerfield v. Nuveen Investments*, 07-CH-16315 (Cook Cty), *Ryan v. Lyondell Chemical Company*, No. 3176-VCN (Del. Ch.) as well as in the leadership position for derivative cases against directors and officers of Washington Mutual, AllState and Citigroup.

Indeed, cases that Mr. Salas was heavily involved in were named "Key Delaware Chancery Court Decisions" by *Delaware Law Weekly* in both 2007 and 2008.

Co-Lead Counsel may also utilize attorney Joshua Kons as an additional resource and counsel. Mr. Kons represents investors and victims of securities fraud nationwide in FINRA arbitration proceedings and securities litigation matters. He has a breadth of experience in securities arbitration proceedings, having counseled and represented hundreds of investors who have suffered significant losses at the hands of their financial advisor. Mr. Kons also has a depth of experience in the securities industry. Prior to attending law school, he worked for as a mutual fund trader where he learned the

securities business from the ground up.

Prior to forming his own practice, Mr. Kons worked with a boutique corporate and securities law firm, where the focus of his practice was representing investors and financial advisors in securities arbitration matters. Mr. Kons received a B.B.A. from the University of Wisconsin-Madison and his J.D. from the Pepperdine University School of Law. Mr. Kons concentrated his legal education in the areas of corporate and securities law, and served as a senior fellow at the Geoffrey Palmer Center for Entrepreneurship and the Law.

### C.    Counsel's Knowledge of Applicable Law

As shown above, Proposed Co-Lead Counsel are securities attorneys with significant class action experience. The Gray Firm has been involved in complex litigation under the Commodities Exchange Act for over a dozen years, including working on class action cases in which substantial recoveries were obtained. Salas Wang LLC has represented clients in significant securities and corporate representative actions. Mr. Salas is also an arbitrator for the National Futures Association's dispute resolution forum.

### D.    Counsel is Committed to Providing the Necessary Resources

Counsel has provided significant resources to prosecuting this litigation to this point. Counsel is committed to continuing to provide significant resources to effectively and efficiently recover the class' money.

### E.    Other Factors

Plaintiff LaSalvia and his counsel were the first to identify and file this action. The *Wolinsky* and *Power Vanguard* actions were filed later, and the *Wolinsky* action in

particular is remarkably similar to LaSalvia's complaint.

Plaintiff LaSalvia is also seeking appointment of a Chicago based firm as Co-Lead counsel. Having Co-Lead counsel in Chicago will more efficiently and effectively decrease litigation costs to the class because a firm with decision making power for the class is a local firm.

## CONCLUSION

Proposed Lead Counsel has done significant work in prosecuting this litigation and is well-suited to prosecute this litigation on behalf of a class. Accordingly, Plaintiff Michael LaSalvia respectfully asks this Court for an order consolidating the cases and appointing Law Office of Christopher Gray P.C. and Salas Wang LLC Co-Lead counsel.

Dated: July 23, 2012

Respectfully submitted,

SALAS WANG LLC

s/Jeffrey M. Salas
Jeffrey M. Salas
John C. Wang
155 N. Wacker Drive, Suite 4250
Chicago, IL 60606
Tel: 312.803.4963
Fax: 312.244.3151
jsalas@salaswang.com

LAW OFFICE OF
  CHRISTOPHER J. GRAY P.C.
Christopher Gray
460 Park Avenue, 21st Floor
New York, NY 10022
Tel: 212.838.3221
Fax: 212.937.3139
chris@investorlawyers.net

*Proposed Co-Lead Counsel*

LAW OFFICES OF
   JOSHUA B. KONS, LLC
Joshua B. Kons
27 North Wacker Dr., No. 203
Chicago, IL 60606
Tel: 773.270.9051
joshuakons@konslaw.com

*Additional Counsel*